826 F.2d 1062
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harry BEALE, Plaintiff-Appellant,
v.
C. William O'NEILL; Vorys, Sater, Seymour and Pease; Richard
C. Graham; Isaac, Brant, Ledman and Becker; Joseph
P. Kinneary, Judge, Defendants-Appellees.
 Nos. 87-3152, 87-3170
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1987.
 
 ORDER
 Before LIVELY, Chief Judge, and MILBURN and RYAN, Circuit Judges.
 
 
 1
 These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and records, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff, president of and stockholder in Applied Coatings International, Inc., has moved for a stay of a district court's order of garnishment which was entered to satisfy a judgment of $100,000.00 against Applied Coatings International, Inc. Defendants O'Neill and Vorys, Sater, Seymour and Pease have moved for assessment of costs against plaintiff pursuant to Fed. R. App. P. 38.
 
 
 3
 This court lacks jurisdiction to entertain plaintiff's motion for a stay. The orders of garnishment which plaintiff seeks to stay resulted from district court Case No. 84-1979, Applied Coatings International, Inc. v. Omnimax, Inc. That case resulted in a default judgment against Applied Coatings in the amount of $100,000,00. Because plaintiff did not appeal the judgment which resulted in the garnishment orders, this court lacks jurisdiction to stay the garnishment orders. See Fed. R. App. P. 8(a); Frisch's Restaurant, Inc. v. Shoneys, Inc., 759 F.2d 1261 (6th Cir. 1985). Accordingly, the stay must be denied.
 
 
 4
 The appeals over which this court has jurisdiction originated in two complaints filed by plaintiff in an individual capacity, and in his capacity of representing the stockholders in Applied Coatings International, Inc. in a stockholders derivative suit. Plaintiff alleged that Judge Kinneary, who rendered the default judgment against Applied Coatings International, Inc., and defendant Graham, the attorney who represented Omnimax in Case No. 84-1979, conspired to deprive him of his constitutional rights. He further alleged that defendant O'Neill had represented Applied Coatings International, Inc. in Case No. 84-1979 and his representation therein constituted legal malpractice. The district court dismissed both actions.
 
 
 5
 With respect to the district court's orders dismissing the actions under review in Case Nos. 87-3152 and 87-3170, we conclude that the district court correctly disposed of these cases. Cleraly, Judge Kinneary was cloaked with immunity. Stump v. Sparkman, 435 U.S. 349 (1978). Plaintiff's claims against defendants O'Neill and the Vorys firm were claims of legal malpractice which did not present a federal question. The claims against defendants Graham and the Isaac firm as attorneys for Omnimax sounded in conspiracy with Judge Kinneary, and even the most liberal construction results in the conclusion that plaintiff failed to state a claim against those defendants. Mere conclusory allegations are not sufficient to state a claim for damages based on an alleged conspiracy. Smith v. Rose, 760 F.2d 102, 106 (6th Cir. 1985). The claims against all of the defendants are properly construed as plaintiff's attempt to collaterally attack the judgment in Case No. 84-1979. The proper procedure to secure review of that judgment would have been to take a direct appeal.
 
 
 6
 The motions for a stay and for assessment of costs are hereby denied, the motion to dispense with oral argument is hereby granted, and the judgments of the district court are hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.